UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

TAYE L. ELLEBY,

                Petitioner,                20 Civ. 2935 (PAE)

          v.                                   OPINION & ORDER

BRANDON J. SMITH, *Superintendent of Greene Correctional Facility*,

                Respondent.

------------------------------------------------------------

PAUL A. ENGELMAYER, District Judge:

On April 9, 2020, petitioner Taye L. Elleby filed a *pro se* petition for a writ of habeas corpus (the "Petition"), pursuant to 28 U.S.C. § 2254, seeking release from custody to home confinement due to the current pandemic. Elleby is serving his sentence at Greene Correctional Facility in Coxsackie, New York, for sex trafficking and promoting prostitution, and will first be eligible for parole on January 3, 2024. He is 42 years old and represents that he suffers from, among other things, asthma, hypertension, and a heart condition, which he contends place him at high risk for complications if he contracted COVID-19. Elleby explicitly does not challenge his conviction. Instead, he argues that his conditions of confinement, which he says may expose him to COVID-19, violate the Eighth Amendment.

Respondent Brandon J. Smith, Superintendent of Greene Correctional Facility (the "State"), opposes the Petition on procedural grounds, namely that Elleby's challenge to his conditions of confinement is not cognizable on habeas review and Elleby has failed to exhaust his state court remedies, and on the merits, arguing that Elleby has failed to show that his health conditions place him at higher risk than other inmates and that Greene Correctional Facility has

been deliberately indifferent to his health needs. The State further argues that Elleby has not met the Prison Litigation Reform Act's ("PLRA") requirements for a release order.

After liberally construing the Petition in light of the special solicitude due to *pro se* litigants, *see Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010), the Court dismisses the Petition, without prejudice, because Elleby has failed to exhaust his claims.

## I.   Background

On December 16, 2013, following a jury trial in New York County Supreme Court, Elleby was convicted of sex trafficking and promoting prostitution in the second and third degrees.[1] Dkt. 10 ("Lyons Decl.") ¶ 2; Report at 10. On February 5, 2014, Elleby was sentenced to an aggregate term of 10 2/3 years to 32 years imprisonment. Lyons Decl. ¶ 2; Report at 10; *see also* Dkt. 10-2 ("State Record") at 1 (judgment issued March 14, 2020). Elleby appealed to the Appellate Division, First Department, which, on January 26, 2017, unanimously affirmed his conviction and sentence. Dkt. 9 ("State Response") ¶ 2; *see also People v. Elleby*, 46 N.Y.S.3d 551, 552 (1st Dep't 2017). On June 23, 2017, the New York Court of Appeals denied him leave to appeal. State Response ¶ 2; *see also People v. Elleby*, 29 N.Y.3d 1078 (2017) (table).

On March 26, 2018, Elleby filed his first § 2254 petition, challenging his conviction on various grounds. State Response ¶ 2. On October 16, 2019, Judge Failla denied the petition in full. *Id.*; *see also* No. 18 Civ. 2694 (KPF) (SDA), Dkt. 55 at 2. On November 15, 2019, Elleby

---

[1] For an extensive recounting of the facts of this case, the evidence presented at trial, and the procedural history, see the Report and Recommendation of the Hon. Stewart D. Aaron, United States Magistrate Judge, recommending denial of Elleby's first § 2254 petition, No. 18 Civ. 2694 (KPF) (SDA), Dkt. 44 ("Report") at 2–12, and the Opinion and Order of the Hon. Katherine Polk Failla, adopting that recommendation in full, *id.*, Dkt. 55 at 2–10.

filed a notice of appeal. *Id.*, Dkt. 57. On February 20, 2020, the Second Circuit issued a mandate, dismissing the appeal. *See id.*, Dkt. 58.

On April 9, 2020, Elleby filed his second § 2254 petition, this time seeking release to home confinement because of COVID-19. Dkt. 1 ("Pet."). On April 17, 2020, the Petition was assigned to this Court. On April 20, 2020, the Court dismissed the United States and the State of New York, and substituted, under Federal Rule of Civil Procedure 21, Brandon J. Smith, Superintendent of Greene Correctional Facility, as respondent. Dkt. 4. The Court ordered the State to respond to the Petition by May 1, 2020. *Id.* On May 6, 2020, the State requested an extension until May 11, 2020 to file its response, because of COVID-19-related delays in receiving the Petition. Dkt. 6. The Court granted that request. Dkt. 7.

On May 11, 2020, the State filed a memorandum of law in opposition to the Petition, Dkt. 8 ("State Mem."); a response to the Petition, State Response; and the declaration of Paul B. Lyons, Esq., Lyons Decl.

**II.     Discussion**

The Petition raises an Eighth Amendment claim based on Elleby's potential exposure, as an allegedly high-risk inmate, to COVID-19 while in prison. The Court is cognizant of the dangers posed by the COVID-19 pandemic, and especially those presented to high-risk persons. However, the State alleges, and the Court is compelled to consider, various procedural deficiencies in Elleby's Petition. The Court here reviews two: (1) whether Elleby should have pursued his claims not under § 2254, but 42 U.S.C. § 1983, and (2) whether Elleby exhausted his claims within New York State. Finding that Elleby failed to exhaust his claims, the Court need not address the other procedural impediments raised by the State or resolve the Petition's Eighth Amendment claims on the merits.

A.     **Whether the Petition's Claims Are Properly Brought Under § 2254**

The State argues that the Petition's claims, which address Elleby's conditions of confinement, are not properly brought in a § 2254 petition, but rather should have been brought in a suit pursuant to § 1983. *See* State Mem. at 3–5. The Court declines to dismiss the Petition on these grounds.

While the State is correct that "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus," and that "requests for relief turning on circumstances of confinement *may* be presented in a § 1983 action," *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (emphasis added), it is not clear that § 1983 is the *sole* remedy for all claims addressing conditions of confinement. Indeed, the Supreme Court has "reserved the question whether habeas might also be available to attack prison conditions."[2] *Williams v. Ward*, 556 F.2d 1143, 1150 n.3 (2d Cir. 1977); *see Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973) ("This is not to say that habeas corpus may not also be available to challenge such prison conditions."); *see also Boudin v. Thomas*, 732 F.2d 1107, 1111 (2d Cir. 1984).

Noting this uncertainty, the Second Circuit has held that both habeas petitions, at least for prisoners in federal custody, and § 1983 actions may address conditions of confinement and seek the remedy of transfer (*e.g.*, to a different prison population or facility). *See Abdul-Hakeem v. Koehler*, 910 F.2d 66, 69–70 (2d Cir. 1990) (rejecting habeas as exclusive remedy and holding

---

[2] To be sure, some district courts in this Circuit have foreclosed habeas relief for a prisoner challenging conditions of confinement. *See, e.g.*, *Green v. Bradt*, No. 10 Civ. 6662 (MAT), 2012 WL 130274, at *6 (W.D.N.Y. Jan. 17, 2012) ("Habeas corpus is appropriate only for challenges to the 'fact or duration' of confinement. . . . Petitioner's claims, therefore, which challenge the conditions of his confinement rather than the length of his confinement, are not cognizable on federal habeas review." (internal citations omitted)) (collecting cases); *Robles v. Williams*, No. 02 Civ. 6102 (PAC), 2007 WL 2403154, at *5 (S.D.N.Y. Aug. 22, 2007) ("A prisoner's conditions of confinement are not appropriately challenged through a petition for writ of habeas corpus.").

claim cognizable under § 1983); *Boudin*, 732 F.2d at 1111 ("[H]abeas is the appropriate action to challenge conditions of confinement where the prisoner seeks to be moved in order to remedy past constitutional violations."). *But see White v. Rock*, Nos. 10 Civ. 5163, 12 Civ. 4465 (SJF), 2013 WL 527804, at *3 (E.D.N.Y. Feb. 4, 2013) (state inmate's § 2254 petition bringing conditions of confinement claim and seeking transfer should have been brought under § 1983). Here, Elleby arguably has a stronger claim than some that § 2254 is a viable source of relief: While he challenges only his conditions of confinement—and explicitly disclaims a challenge to his conviction—he seeks immediate release from custody as his remedy, in light, it appears, of the universal risk to prisoners presented by COVID-19. *See* Pet. at 3; *see also Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) ("*Preiser* found an implied exception to § 1983's coverage where the claim seeks—not where it simply 'relates to'—'core' habeas corpus relief, *i.e.*, where a state prisoner requests present or future release."); *Preiser*, 411 U.S. at 484 ("[T]he traditional function of the writ is to secure release from illegal custody."); *cf. id.* at 500 ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

District courts around the country addressing § 2254 petitions raising conditions of confinement claims based on the petitioning prisoner's risk of exposure to COVID-19 have split on whether these claims are properly raised only in a § 1983 suit. *See Kokolios v. Diaz*, No. 20 Civ. 0933 (EFB), 2020 WL 2512103, at *1 (E.D. Cal. May 15, 2020) (noting split). *Compare Drakos v. Gonzalez*, Civ. No. H-20-1505, 2020 WL 2110409, at *1 (S.D. Tex. May 1, 2020) ("[Petitioner] does not challenge the fact or duration of his confinement. While he requests injunctive relief ordering his release, his attack is on the conditions of his

5

confinement, not on the fact that he was ordered detained . . . . Therefore, the relief [he] seeks is not available in habeas corpus."), *Phea v. Pfeiffer*, No. 20 Civ. 283 (WBS) (GGH), 2020 WL 1892427, at *1 (E.D. Cal. Apr. 16, 2020) ("Although petitioner's request argues the current prison conditions expose him to a higher risk of harm due to potential exposure to COVID-19, petitioner's request relates to the conditions of petitioner's confinement and accordingly is more appropriately brought pursuant to 42 U.S.C. § 1983."), *and Peterson v. Diaz*, No. 19 Civ. 1480 (WBS) (GGH), 2020 WL 1640008, at *1 (E.D. Cal. Apr. 2, 2020) (same), *reconsideration denied*, No. 19 Civ. 1480 (WBS) (GGH), 2020 WL 2112062 (E.D. Cal. May 4, 2020), *with Llewellyn v. Wolcott*, No. 20 Civ. 498 (JLS), 2020 WL 2525770, at *4 (W.D.N.Y. May 18, 2020) ("[Petitioner] alleges that the conditions of his confinement render his custody unconstitutional. . . . But he does not seek an order directing prison or state officials to improve or correct any alleged deficiencies in those conditions; he seeks only immediate release from physical custody. . . . Accordingly, [petitioner's] claims fall 'squarely within th[e] traditional scope of habeas corpus.'" (internal citations omitted) (alterations in original)), *and Money v. Pritzker*, Nos. 20 Civ. 2093, 20 Civ. 2094 (RMD), 2020 WL 1820660, at *9 (N.D. Ill. Apr. 10, 2020) (considering petitioner's habeas claim after noting that "it is abundantly clear that Plaintiffs may proceed on their claims under Section 1983 and at least plausible—though far less certain—that they also have a right to seek habeas relief as well.").

Because it is an unresolved legal question whether a habeas corpus is a proper vehicle for challenges to prison conditions based on COVID-19 that seek release from custody, and because (as follows) there is an independent infirmity with Elleby's habeas petition, the Court declines to dismiss the Petition on these grounds, and reserves on this legal question.

### B. Exhaustion

Alternatively, the State argues that the Petition should be dismissed because Elleby failed to exhaust his claims. In the Petition, Elleby does not allege that he had sought relief for his claims in administrative proceedings or in state court. The New York State Department of Corrections and Community Supervision ("DOCCS") represents that Elleby has not instituted any administrative proceedings seeking early release in connection with COVID-19, and the State cannot find any records of Elleby filing claims in state court to that effect. *See* Lyons Decl. ¶¶ 6–7. The Court agrees that the Petition must be dismissed, without prejudice, for lack of exhaustion.

Section 2254 "generally requires a petitioner for a writ of habeas corpus to show that he has 'exhausted the remedies available in the courts of the State' in order for the writ to be granted." *McCray v. New York*, 573 F. App'x 22, 23 (2d Cir. 2014) (quoting 28 U.S.C. § 2254(b)(1)(A)); *see also Landy v. Costello*, 141 F.3d 1151, 1998 WL 105768, at *1 (2d Cir. 1988) (table) ("[F]ailure to exhaust would, of course, bar habeas relief."). "Exhaustion of state remedies requires that a petitioner fairly present federal claims to the state courts in order to give the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *McCray*, 573 F. App'x at 23 (quoting *Carvajal v. Artus*, 633 F.3d 95, 104 (2d Cir. 2011)). To fulfill the exhaustion requirement, a petitioner must have presented the substance of his federal claims "to the highest court of the pertinent state." *Bossett v. Walker*, 41 F.3d 825, 828 (2d Cir. 1994) (quoting *Pesina v. Johnson,* 913 F.2d 53, 54 (2d Cir.1990)). In New York, a petitioner may exhaust his claims by filing a direct appeal to the relevant Appellate Division and seeking leave to appeal to the New York Court of Appeals. *Olsen v. Doldo*, No. 16 Civ. 5366 (RA) (DF), 2020 WL 685707, at *16 (S.D.N.Y. Jan. 2, 2020), *report and recommendation adopted*, No. 16 Civ. 5366 (RA), 2020 WL 635605 (S.D.N.Y. Feb. 11, 2020).

"Where a claim is not appropriate for direct appeal because it cannot be demonstrated on the basis of the pretrial or trial record"—as is the case here—"a petitioner may exhaust the claim by raising it to the state trial court in a collateral post-conviction motion[,]" such as a motion pursuant to New York Criminal Procedure Law § 440.  *Id.*  Or the petitioner may raise the claim in a petition for a writ of habeas corpus filed with the trial court or Appellate Division, followed by an appeal from any denial of the petition.  *Id.*

Section 2254 provides two narrow exceptions to the exhaustion rule: (1) if "there is an absence of State corrective process," 28 U.S.C. § 2254(b)(1)(B)(i); or (2) if "circumstances exist that render such process ineffective to protect the rights of the applicant," *id.* § 2254(b)(1)(B)(ii).  These exceptions are met "[w]here there is no further state proceeding for petitioner to pursue," or "where further pursuit would be futile."  *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000).

If a claim has not been exhausted and it does not fall within either exception, courts will generally dismiss the claim without prejudice, "allowing petitioner to assert his unexhausted claims in state court."  *Oquendo v. Senkowski*, 452 F. Supp. 2d 359, 368 (S.D.N.Y. 2006).  While a court cannot grant an unexhausted claim, it may, pursuant to § 2254(b)(2), deny the petition on the merits.  *See Abuzaid v. Mattox*, 726 F.3d 311, 321 (2d Cir. 2013).

Elleby has failed to come forward with any evidence that he has attempted to exhaust the claims in his Petition in state court.  The State, despite its best efforts, has been unable to locate any such evidence.  *See* Lyons Decl. ¶ 7.  As such, Elleby's claims are unexhausted.

Further, neither exception to exhaustion applies.  There are state court collateral review proceedings that Elleby can pursue, as his COVID-19-related claims are not based on the trial record and thus did not have to be raised on direct review.  And there is no basis to assume that Elleby's pursuit of these claims through the state courts would have been futile.  Had Elleby

pursued relief in these fora, conceivably it might have been granted. To that end, Chief Judge McMahon recently noted that an inmate concerned about COVID-19 "is free to bring a petition for a writ of habeas corpus in the New York State Supreme Court, pursuant to Article 70 of New York's Civil Practice Law and Rules, on the ground that the conditions of his/her confinement are unlawful," and that "many [have been] granted by justices of the New York State Supreme Court." *Bergamaschi v. Cuomo*, No. 20 Civ. 2817 (CM), 2020 WL 1910754, at *4 (S.D.N.Y. Apr. 20, 2020).

The Court therefore dismisses the Petition. This dismissal is without prejudice, as Elleby is free to pursue his claims in state court, and, assuming exhaustion, to then file an action in this Court.

In so ruling, the Court joins federal district courts around the country that have recently dismissed, or held dismissable, COVID-19-related § 2254 petitions for failure to exhaust state remedies.[3] *See, e.g.*, *Figueroa v. Walsh*, No. 00 Civ. 1160 (NGG), 2020 WL 2198124, at *1 n.1 (E.D.N.Y. May 6, 2020) (denying petition on other grounds but noting lack of jurisdiction due to exhaustion); *Rapeika v. Adm'r N. State Prison*, No. Civ. 20-5358 (SDW), 2020 WL 2092790, at *1–2 (D.N.J. May 1, 2020) (dismissing petition for lack of exhaustion and holding that petitioner's assertion that "[t]here are no state remedies" insufficient to excuse exhaustion);

---

[3] Some courts have excused a failure to exhaust in the context of petitions pursuant to 28 U.S.C. § 2241, which, unlike § 2254, does not contain a statutory exhaustion requirement and instead is governed by a judge-made exhaustion requirement "amenable to judge-made exceptions." *McPherson v. Lamont*, No. 20 Civ. 534 (JBA), 2020 WL 2198279, at *6 (D. Conn. May 6, 2020) (quoting *Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016)). *Compare Martinez-Brooks v. Easter*, No. 20 Civ. 00569 (MPS), 2020 WL 2405350, at *19 (D. Conn. May 12, 2020) (excusing lack of exhaustion on basis of undue prejudice from delay from BOP), *and McPherson*, 2020 WL 2198279, at *7 (excusing lack of exhaustion due to "extraordinary circumstances presented by the COVID-19 pandemic"), *with Cuevas v. Pennsylvania*, No. 19 Civ. 1733 (SHR), 2020 WL 1911511, at *3 (M.D. Pa. Apr. 20, 2020) (dismissing § 2241 petition for lack of exhaustion).

*Curran v. Keyser*, No. 19 Civ. 4196 (CS) (S.D.N.Y.), Dkt. 31 (Apr. 19, 2020) (memo endorsement denying request for emergency relief, while § 2254 petition was pending, due in part to lack of exhaustion); *Money*, 2020 WL 1820660, at *21 (dismissing petition for lack of exhaustion where petitioners had filed in state supreme court but that court had yet to act).

This case, in fact, supplies an excellent example of the appropriateness of the exhaustion requirement. The rule that "when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief" serves useful purposes. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). Recourse first to state remedies enables a factual record to be developed. It also may afford relief to the petitioner, obviating the need for a federal-court action or federal intervention.

Here, Elleby brings an Eighth Amendment claim, in which he must allege that DOCCS was deliberately indifferent to his health needs. He does not, however, cite specific instances of DOCCS's actions toward him that would support this claim, relying on the general contention that COVID-19 is dangerous for high-risk inmates, and noting that inmates in various prisons systems have been released from custody due to COVID-19. There is value to giving the New York state courts a first opportunity to evaluate such a claim, and develop a full factual record, particularly given the rapidly changing conditions in prisons and the evolving steps that prisons are taking to meet the unprecedented challenges presented by the pandemic, in general and as specifically affecting Elleby's conditions of confinement. Therefore, the Court denies Elleby's Petition, without prejudice to his ability to pursue urgently state remedies for his COVID-related claims.

**CONCLUSION**

For the foregoing reasons, the Petition is denied without prejudice. The Clerk of Court is respectfully directed to terminate the motion pending at docket 1 and to close this case.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: May 22, 2020
      New York, New York