UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TAYE L. ELLEBY,

                             Petitioner,                          20 Civ. 2935 (PAE)

              -v-                                               ORDER

BRANDON J. SMITH, *Superintendent of Greene Correctional Facility*,

                             Respondent.

---

PAUL A. ENGELMAYER, District Judge:

On April 9, 2020, petitioner Taye L. Elleby filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, seeking release from custody to home confinement due to the current pandemic. On May 22, 2020, the Court dismissed Elleby's petition, without prejudice, because he had failed to exhaust his state remedies. Dkt. 12.

On June 4, 2020, the Court received the attached letter from Elleby. The Court construes the letter as a motion asking the Court to reconsider its May 22, 2020 ruling and grant him compassionate release pursuant to 18 U.S.C. § 3582, which governs the release of post-sentence defendants in federal custody. Because § 3582 applies to defendants in federal custody—not state custody, such as Elleby—the Court cannot grant his release under that statute. *See Williams v. Keiser*, No. 17 Civ. 1040 (LJV), 2020 WL 2028256, at *2 (W.D.N.Y. Apr. 28, 2020) ("[H]owever, [the defendant] is currently in *state* custody, and this Court does not have the authority to alter his state sentence under § 3582." (footnote omitted) (emphasis in original)). Further, the Court declines to reconsider its May 22, 2020 opinion, as Elleby, in his letter, does not provide any evidence that he has exhausted his state remedies. Although he notes that some

courts in this District have held that the administrative exhaustion requirement of § 3582 may be waived by the federal Government, *see United States v. Gentille*, No. 19 Cr. 590 (KPF), 2020 WL 1814158, at *3 (S.D.N.Y. Apr. 9, 2020), that is of no moment here, as this case is not governed by § 3582, and there is no reason apparent why Elleby's failure to exhaust his state remedies, as required by 28 U.S.C. § 2254(b)(1)(A), should be excused.

Accordingly, the Court denies Elleby's motion for compassionate release pursuant to § 3582 and reaffirms its May 20, 2020 opinion dismissing Elleby's petition without prejudice.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: June 8, 2020
       New York, New York

Dear Court, Hon. Paul A. Engelmayer, (Elleby V. Smith) Case # 1:20 Civ. 2935 (PAE) in writing requesting this Courts attention on an urgent Matter. It is well established that a Court may not modify a term of imprisonment once it has been imposed except pursuant to Statute (see United States V. Gotti, - F. Supp. 3d __, __, No. 02-CR-743-07 (CM), 2020 WL 497987, at *1 (S.D.N.Y Jan. 15 2020). Section 3582(c)(1)(A)(i), the Compassionate release Statute, is one such exception: It permits a Court to "reduce" a term of imprisonment, after Considering the factors Set forth in 18 U.S.C. § 3553(a), if it finds that... extraordinary and compelling reasons warrant such a reduction... and that such a reduction is consistent with applicable policy statements issued by Sentencing Commission." (18 U.S.C. § 3582 (c)(1)(A)(i). By the Statute's plain terms, however, a Court may do so only upon motion of the Director of the Bureau of Prisons" or upon motion of the defendant after the defendant has exhausted fully all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendants behalf or the lapse of 30 days from the receipt of such request by the warden of the defendants facility, whichever is earlier." No such motion has been made by the Warden/Superintendant Smith, nor D.O.C.S. The Petitioner has notified the Attorney General Letitia James, and Governor Andrew M. Cuomo of the Outbreak at this facility and has failed to respond to Commercial Affidavit thusforth going into Commercial Dishonor by Default. Both Letitia James and Governor Cuomo were given the Opportunity to Cure such Commercial Dishonor and Default by Certified Mail Numbers:

Letitia James - # 7019 1120 0001 7138 3220
Andrew M. Cuomo - # 7019 1120 0001 7138 3244

The Respondents have stated they wanted to make sure the petitioner Exhausted all remedies although it is well established that such requirements can be waived (see United States V. Gentille, No. 19-CR-590-1 (KPF), ECF No. 31, 2020 WL 1814158 (S.D.N.Y) April 6, 2020) noting the Governments position that the requirement is not jurisdictional, but is "Mandatory unless Waived by Government"), and has exercised its discretion to waive them in other cases based on the threat of COVID-19, see, e.g., United States V. Jasper, No. 18-CR-390-18 (PAE), ECF No. 440, 2020 WL 1673140 (S.D.N.Y. April 6, 2020). Courts do have Some Flexibility to disregard exhaustion requirements when they are judicially imposed see, Washington V. Barr, 925 F.3d 109, 115-19 (2d Cir. 2019) (imposing an exhaustion requirement as a "prudential rule of judicial administration," subject to "broad" exceptions.

The respondent contend that its only one case of the COVID-19 in Greene Correctional Facility as of the dates of May 1st through May 19 2020, But to Show how potentially this Outbreak has expanded from such time it is now

at least 11 (eleven) confirmed cases of the COVID-19 in just 8 days, and this facility has not tested all the inmates yet. The potential of the outbreak here is growing at an alarming rate here and at risk inmates are currently being evacuated from this threat by being released.

The petitioner alarms this court that the numbers are growing at an alarming rate, and just in the short span when the respondents stated it was one confirmed case to 8 days later the confirmed cases of COVID-19 being 11 as of May 19th 2020 is and should be alarming.

Respectfully Your honor, the petitioner already suffers from, Asthma, Hypertension, and High Blood Pressure along with a heart condition where I take medication to stop inflamation from swelling and inflaming the Bag around my heart. My medications for such complications are as follows:

High Blood Pressure - Hydrochlorothiazide 25 MG TAB
Pericarditus inflamation and Hypertension around Heart - Naproxen 500MG TAB
Asthma - Flovent HFA 220 MCG and Albuterol HFA ORAL 6.7 GM 90MCG/INH INHO

Each condition is a life threatening sickness, and adding the Covid-19 to such condition place me the petitioner at High-Risk of loosing my life and suffering and much pain. The outbreak is growing although respondents attempt to minimize the Petitioners Health condition.

The petitioner has a Meritime parole Board coming up in 2021 for a crime regarded by the State of New York as being non violent as evidenced by the Meritime early Board hearing. The petitioner has completed all programs mandated by the DOCS, and thats with exceptions to the phase 3 program which is only give a few weeks prior to release. Before the petitioners current case it had been over ten years that petitioner was convicted of a Felony, and even in the current case the alleged victims told courts during the PSI Report that they didn't want the petitioner doing time for the crimes he had done and till this day still calls petitioners family offering to help and be there to support him, showing that even the alleged victims do not fear offering to help Petitioner and never consented voluntarily to having Petitioner in prison.

Respectfully this court is requested to consider also the fact that Petitioner was offered a 1 to 3 year term to plead guilty to promoting prostitution 2° in which Petitioner already had 9 months in and would of been out even if he plead to the crimes alleged. Instead as a result of exercising the petitioners right to trial he was given 10 and 2/3rds to 32 years and has litigated on his on behalf and showed courts District judges letters written by victims to petitioner admitting to lying under oath which was brought forward in my writ of Habeas Corpus (see Eleby v. Coveny)... The

petitioner has 7 years and 12 days in which is almost 70% of what the minimum is (10 and 2/3rds) and 90% at least of the Meritime which is effective 2021).

Finally the petitioner has 9 children as follows:

Boys - Taron, Janier, Taye, Lumonte, Jayshawn
Girls - Tayionna, Taya, Jamie, and Athena.

All are under the age of 15 and I have not been present as a result of my foolish pride and failure to accept responsibility in crimes I engaged in by profiting from such. The first step is admitting to such foolish pride and hoping in this Courts Compassion and the Compassion of the State that because of such foolish pride and conviction that the Courts or the State does not feel I should loose my life for accepting money from women prostituting. This pandemic can potentially kill me with my underlying medical condition and I don't wanna be like the inmate on the news who told and expressed this same thing and lost his life although he was not convicted to serving a Life Sentence in which he potentially owed the Government the rest of his days without the possibility of getting paroled.

This Request for the Courts Compassion is a request of mine to live and as the number 7 represents completeness I ask not for an overturning of my conviction nor do I ask for any time to be taken away besides my earliest release date time and the other time still would run but out this Courts Compassion House arrest, Work release or some other Alternative to incarceration be considered in the interest of justice and Compassion for the petitioners life as this pandemic continues to consume the lives of the American people at an Alarming rate here in New York State and is now causing the State to question whether the inmates have a right to live although the potential for harm, pain or even death showed its face boldly before respondents and the respondents interest to uphold justice may result in the respondents violation of the rights so guaranteed by the United State's Constitution that prohibits Deliberate indifference under the Eighth Amendments right against Cruel and unusual punishment, and these rights or the violation thereof in this case could cause the lives of any High Risk inmate.

Therefore the Petitioner requests this Court to consider all the above mentioned, and in its mercy and Compassion release the petitioner as petitioner should have the Right to Live! Thank you for your consideration

Sincerely, Taye L. Elleby   *Taye L. Elleby*

Dated: May 22, 2020



NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
OFFENDER CORRESPONDENCE PROGRAM

NAME: Taye L. Elleby    DIN: 14A1409

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS. FOLD AT DOTTED LINE

Printed on